## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA BLY<br>3900 Connecticut Avenue, N.W.<br>Washington, DC 20008,<br>on behalf of herself and all others similarly<br>situated,<br><br>                    Plaintiff,<br><br>v.<br><br>LG PHILIPS LCD CO., LTD<br>20 Yoido-dong<br>Youngdungpo-gu<br>Seoul 150-721<br>Republic of Korea;<br><br>LG PHILIPS LCD AMERICA, INC.<br>150 East Brokaw Rd.<br>San Jose, California  95112;<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>Samsung Main Building 250-2 ga<br>Taepyung-ro Chung-gu<br>Seoul, Korea;<br><br>SHARP CORPORATION<br>22-22 Nagaike-cho<br>Abeno-ku<br>Osaka 545-8522<br>Japan;<br><br>SHARP ELECTRONICS<br>CORPORATION<br>Sharp Plaza<br>Mahwah, New Jersey  07430;<br><br>TOSHIBA CORPORATION<br>1-1<br>Shibaura 1-chrome<br>Minato-ku<br>Tokyo, 100=8220<br>Japan; | Case No.<br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| TOSHIBA MATSUSHITA DISPLAY TECHNOLOGY CO. LTD. Rivage3 Shinagawa 1-8 Konan 4-chome Minato-ku Tokyo 108-0075 Japan; | ) ) ) ) ) ) ) ) ) |
| HITACHI LTD. 6-1 Marunouchi Center Building 13F Chiyoda-ku Tokyo, 101-0022 Japan; | ) ) ) ) ) ) |
| HITACHI DISPLAYS, LTD. AKS Building 5F 6-2 Kanda Neribei-cho 3 Chiyoda-ku Tokyo, 101-0022 Japan; | ) ) ) ) ) ) ) ) |
| HITACHI AMERICA LTD. 50 Prospect Avenue Tarrytown, New York 10591; | ) ) ) ) ) |
| HITACHI ELECTRONIC DEVICES (USA), INC. 575 Maudlin Road Greenville, South Carolina 29607; | ) ) ) ) ) |
| SANYO EPSON IMAGING DEVICES CORPORATION World Trade Center Building 15F 2-4-1 Hamamatsu-cho Minato-ku Tokyo, Japan; | ) ) ) ) ) ) ) |
| NEC CORPORATION 7-1 Shiba 5-chome Minato-ku Tokyo 108-8001 Japan; | ) ) ) ) ) ) ) ) |

| | |
|---|---|
| NEC LCD TECHNOLOGIES, LTD.<br>1753 Shimonumabe<br>Nakahara-Ku<br>Kawasaki<br>Kanagawa 211-8666<br>Japan;<br><br>NEC ELECTRONICS AMERICA, INC.<br>2880 Scott Boulevard<br>Santa Clara, CA 95050;<br><br>IDT INTERNATIONAL, LTD.<br>Block C, 9th Floor<br>Kaiser Estate Phase 1<br>41 Man Yue Street<br>Hunghom<br>Kowloon<br>Hong Kong;<br><br>AU OPTRONICS; INTERNATIONAL<br>DISPLAY TECHNOLOGY CO., LTD.<br>No. 1<br>Li-Hsin Rd. 2<br>Hsinchu Science Park<br>Hsinchu 30078<br>Taiwan;<br><br>INTERNATIONAL DISPLAY<br>TECHNOLOGY USA, INC.<br>101 Metro Drive, Suite 510<br>San Jose, CA 95110-1343;<br><br>AU OPTRONICS CORPORATION<br>AMERICA<br>9720 Cypresswood Drive, Suite 241<br>Houston, TX;<br><br>CHI MEI OPTOELECTRONICS<br>No. 3, Sec. 1, Huanshi Road<br>Southern Taiwan Science Park<br>Sinshih Township<br>Tainan County 74147<br>Taiwan; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| CHE MEI OPTOELECTRONICS USA, INC. 101 Metro Drive, Suite 510 San Jose, CA 95110-1343; <br><br> CHUNGWA PICTURE TUBES, LTD. 1127 Hopin Road Padeh City Taoyuan Taiwan; <br><br> and <br><br> HANNSTAR DISPLAY CORPORATION No. 480 Reuiguang Road, 12th Floor Neihu Chiu Taipei 114 Taiwan. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiff Rebecca Bly, by her attorneys, brings this civil action for damages and injunctive relief on behalf of herself and all others similarly situated against the above-named Defendants, and demanding a trial by jury, complain and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C. §1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of Plaintiff is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. §1332(d)(2) and (6). This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendants is a citizen or subject of a foreign state." The Court also has personal jurisdiction

4

over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants

systematically and continually conduct business here and throughout the U.S., including

marketing, advertising, and sales directed to District of Columbia residents.

2.      This Court has venue under 15 U.S.C. §22 and 28 U.S.C. §1391 because

Defendants reside, transact business, or are found within this District, and a substantial part of

the events giving rise to the claims arose in this District.

## DEFINITIONS

3.      As used herein, the term "TFT-LCD Products" means Thin Film Transistor Liquid

Crystal Display products, including such products as are used in televisions, computer (both

desktop and notebook) monitors, mobile phones, personal digital assistants ("PDA's") and other

devices.

4.      As used herein, the term "Class Period" means the time period extending from at

least January 1, 1998 through at least December 31, 2005.

## THE PARTIES

### The Plaintiff

5.      Plaintiff, Rebecca Bly, is a resident of the District of Columbia who indirectly

purchased TFT-LCD Panels from one or more of the Defendants during the Class Period, for end

use and not for resale, and was injured as a result of Defendants' illegal conduct.

### The Defendants

6.      Defendant LG Philips LCD Co., Ltd. ("LG Philips") is a Korean entity with its

principal place of business located at 20 Yoido-dong, Youngdungpo-gu, Seoul 150-721,

Republic of Korea. LG Philips is a joint venture created in 1999 by Philips Electronics NV and

LG LCD. LG Philips maintains offices in San Jose, California. In its Form 6-K filed on

December 11, 2006 with the United States Securities and Exchange Commission ("SEC"), LG

Philips stated that it "is a leading manufacturer and supplier of thin-film transistor liquid crystal

display (TFT-LCD) panels"; that it "manufacturers TFT-LCD panels in a wide range of sizes and

specifications for use in TVs, monitors, notebook PCs, and various applications"; that it

"currently operates seven fabrication facilities and four back-end assembly facilities in Korea,

China and Poland." (<http:www.lgphilips-lcd.com/homeContain/jsp/eng/inv/inv200_j_e.jsp>).

During the Class Period, LG Philips manufactured, sold and distributed TFT-LCD Products to

customers throughout the United States, including the District of Columbia.

      7.     Defendant LG Philips LCD America, Inc. is an entity organized under the laws of

California with its principal place of business located at 150 East Brokaw Road, San Jose, CA

95112. During the Class Period, LG Philips LCD America, Inc. manufactured, sold and

distributed TFT-LCD Products to customers throughout the United States, including the District

of Columbia.

      8.     Defendant Samsung Electronics Co. Ltd. ("Samsung") is a business entity

organized under the laws of South Korea, with its principal place of business at Samsung Main

Building 250-2 ga. Taepyung-ro Chung-gu, Seoul, Korea. During the During the Class Period,

Samsung manufactured, sold and distributed TFT-LCD Products to customers throughout the

United States, including the District of Columbia.

      9.     Defendant Sharp Corporation is a business entity organized under the laws of

Japan, with its principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522,

Japan. During the Class Period, Sharp Corporation manufactured, sold and distributed TFT-

LCD Products to customers throughout the United States, including the District of Columbia.

10.    Defendant Sharp Electronics Corporation is a wholly owned and controlled subsidiary of Sharp Corporation, with its principal place of business at Sharp Plaza, Mahwah, New Jersey, 07430. During the Class Period, Sharp Electronics Corporation manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia. Sharp Corporation and Sharp Electronics Corporation are referred to collectively herein as "Sharp".

11.    Defendant Toshiba Corporation is a business entity organized under the laws of Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. During the Class Period, Toshiba Corporation manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

12.    Defendant Toshiba Matsushita Display Technology Co., Ltd. is a business entity organized under the laws of Japan, with its principal place of business located at Rivage Shinagawa, 1-8, Konan 4-chome, Minato-ku, Tokyo 108-0075, Japan. Defendant Toshiba Corporation states on its website the following regarding Toshiba Matsushita Technology Co., Ltd.: "[a]dvanced capabilities in LCD and organic LED displays drive product development and production and enhanced sales operations with a truly worldwide reach. The company is the undisputed leader in low temperature polysilicon TFT technology, the preferred display for mobile devices and the underpinning technology for organic LED, the next generation display-or-choice for a range of products, including thin profile televisions. These leading-edge capabilities support us in providing high value added displays that are light and thin, consume little power and offer excellent image quality."
(http://www.toshiba.co.jp/worldwide/about/company/tmd.htm).

During the Class Period, Toshiba Matsushita Display Technology Co., Ltd. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia. Toshiba Corporation and Toshiba Matsushita Display Technology Co., Ltd. are referred to collectively herein as "Toshiba".

13.    Defendant Hitachi Ltd. is a business entity organized under the laws of Japan, with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku, Tokyo, 100-8220, Japan.  During the Class Period, Hitachi Ltd. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

14.    Defendant Hitachi Displays, Ltd. is a business entity organized under the laws of Japan, with its principal place of business located at AKS Bldg. 5F, 6-2 Kanda Neribei-cho 3, Chiyoda-ku, Tokyo, 101-0022, Japan.  On its website, Hitachi Displays, Ltd. states that "[w]e provide the world's best products, quality and service to meet the needs of the digital age.  These include Hitachi's proprietary Advanced-Super IPS LCDs offering clear pictures from any angle; large-sized LCD modules for TVs using our original moving picture technology; small-sized LCD modules for information terminal devices such as cellular phones and digital cameras with low power consumption and high resolution picture realized by LTPS (low-temperature poly-silicon) technology; and the middle-sized colorful LCD modules for amusement devices.  We also produce components such as LCD drivers, color filters and back-lights." (<http://www.hitachi-displays.com/en/company/work/index.html>).  During the Class Period, Hitachi Displays, Ltd. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

15.    Defendant Hitachi America Ltd. is a wholly owned and controlled subsidiary of defendant Hitachi Ltd.  Hitachi America Ltd. is a business entity organized under the laws of

New York, with its principal place of business at 50 Prospect Avenue, Tarrytown, New York, 10591. During the Class Period, Hitachi America Ltd. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

16. Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned and controlled subsidiary of Defendant Hitachi Ltd., and is a business entity with its principal place of business located at 575 Mauldin Road, Greenville, SC, 29607. During the Class Period, Hitachi Electronic Devices (USA), Inc. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia. Defendants Hitachi Ltd., Hitachi Displays, Ltd., Hitachi America Ltd. and Hitachi Electronic Devices (USA), Inc. are referred collectively herein as "Hitachi."

17. Defendant Sanyo Epson Imaging Devices Corporation ("Sanyo Epson") is a "joint venture of Seiko Epson Corporation and Sanyo Electric Co., Ltd., started operations on October 1, 2004. It combines the liquid crystal display operations of Epson, Sanyo Electric, and Sanyo Group companies Tottori Sanyo Electric Co., Ltd. and Sanyo LCD Engineering Co., Ltd. and mobilizes each company's special fields of miniaturization, high resolution, high definition, and volume production technology." (<http://www.sanyo-epson.com/e/company/outline/index.html>). Defendant Sanyo Epson's principal place of business is located at World Trade Center Building 15F, 2-4-1 Hamamatsu-cho, Minato-ku, Tokyo, Japan. During the Class Period, Sanyo Epson manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

18. Defendant NEC Corporation is a business entity organized under the laws of Japan, with its principal place of business located at 7-1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan. During the Class Period, NEC Corporation manufactured, sold and distributed

TFT-LCD Products to customers throughout the United States, including the District of
Columbia.

19.     Defendant NEC LCD Technologies, Ltd. is wholly owned and controlled
subsidiary of Defendant NEC Corporation, and is an entity organized under the laws of Japan,
with its principal place of business located at 1753 Shimonumabe, Nakahara-Ku, Kawasaki,
Kanagawa 211-8666, Japan. During the Class Period, NEC LCD Technologies, Ltd.
manufactured, sold and distributed TFT-LCD Products to customers throughout the United
States including the District of Columbia.

20.     Defendant NEC Electronics America, Inc. ("NEC") is a wholly owned and
controlled subsidiary of NEC Electronics Corporation, with its principal place of business at
2880 Scott Boulevard, Santa Clara, California and its manufacturing plant in Roseville,
California. During the Class Period, NEC Electronics America, Inc. manufactured, sold and
distributed TFT-LCD Products to customers throughout the United States.

21.     Defendant IDT International Ltd. is an entity organized under the laws of
Bermuda, with its principal place of business located at Block C, 9th Floor, Kaiser Estate Phase
1, 41 Man Yue Street, Hunghom, Kowloon, Hong Kong. During the Class Period, IDT
International Ltd. manufactured, sold and distributed TFT-LCD Products to customers
throughout the United States, including the District of Columbia.

22.     Defendant International Display Technology Co., Ltd. is an entity organized
under the laws of Japan, with its principal place of business located at Nansei Yaesu Bldg. 3F, 2-
2-10 Yaesu, Chuo-Ku, Tokyo 104-0028, Japan. Defendant International Display Technology
Co., Ltd. is a subsidiary of Defendant Chi Mei Optoelectronics Corporation. During the Class

10

Period. International Display Technology Co., Ltd. manufactured, sold and distributed TFT-LCD

Products to customers throughout the United States, including the District of Columbia.

23.     Defendant International Display Technology USA Inc. is a corporation with its

principal place of business located at 101 Metro Drive, Suite 510, San Jose, California.

Defendant International Display Technology USA Inc. is a subsidiary of Defendant Chi Mei

Optoelectronics Corporation.  During the Class Period, International Display Technology USA,

Inc. manufactured, sold and distributed TFT-LCD Products to customers throughout the United

States, including the District of Columbia.

24.     Defendant AU Optronics is Taiwan's largest manufacturer of TFT-LCD Products

and has its corporate headquarters at No. 1, Li-Hsin Rd. 2, Hsinchu Science Park, Hsinchu

30078, Taiwan.  During the Class Period, AU Optronics manufactured, sold and distributed TFT-

LCD Products to customers throughout the United States, including the District of Columbia.

25.     Defendant AU Optronics Corporation America ("AUOCA") is a wholly owned

and controlled subsidiary of defendant AU Optronics and has its corporate headquarters at 9720

Cypresswood Drive, Suite 241, Houston, Texas.  AUOCA has a facility located in San Diego,

California.  During the Class Period, AUOCA manufactured, sold and distributed TFT-LCD

Products to customers throughout the United States, including the District of Columbia.

26.     Defendant Chi Mei Optoelectronics Corporation ("Chi Mei") is a leading

manufacturer of TFT-LCD Products and has its global headquarters at No. 3, Sec. 1, Huanshi

Road, Southern Taiwan Science Park, Sinshih Township, Tainan County, 74147 Taiwan. .

During the Class Period, Chi Mei manufactured, sold and distributed TFT-LCD Products to

customers throughout the United States, including the District of Columbia.

27.    Defendant Chi Mei Optoelectronics USA, Inc. is a wholly owned and controlled subsidiary of Chi Mei and has its corporate headquarters at 101 Metro Drive, Suite 510, San Jose, California. During the Class Period, Chi Mei Optoelectronics USA, Inc. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

28.    Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a leading manufacturer of TFT-LCD Products and has its global headquarters at 1127 Hopin Road, Padeh City, Taoyuan, Taiwan. During the Class Period, Chunghwa Picture Tubes, Ltd. manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

29.    Defendant HannStar Display Corporation ("HannStar") is a leading manufacturer of TFT-LCD Products and has its headquarters at No. 480, Reuiguang Road, 12th Floor, Neihu Chiu, Taipei 114, Taiwan. . During the Class Period, HannStar Display Corporation manufactured, sold and distributed TFT-LCD Products to customers throughout the United States, including the District of Columbia.

## Co-Conspirators

30.    Certain other persons, firms, corporations and entities have participated as co-conspirators with Defendants in the violations and conspiracies alleged in this complaint. In order to engage in the offenses charged and violations alleged herein, these co-conspirators have performed acts and made statements in furtherance of the antitrust violations and conspiracies alleged.

31.    At all relevant times, each Defendant was an agent of each of the remaining defendants, and in doing the acts alleged herein, was acting within the course and scope of such

agency. Each Defendant ratified and/or authorized the wrongful acts of each of the Defendants.

Defendants are individually sued as participants and as aiders and abettors in the improper acts,

plans, schemes, and transactions that are the subject of this complaint. Defendants, and each of

them, have participated as members of the conspiracy or acted with or in furtherance of it, or

aided or assisted in carrying out its purposes alleged in this complaint, and have performed acts

and made statements in furtherance of the violations and conspiracy.

32.    The acts charged in this complaint have been done by Defendants or were ordered

or done by Defendants' officers, agents, employees, or representatives, while actively engaged in

the management of defendants' affairs.

## FACTUAL ALLEGATIONS

33.    Defendants and their co-conspirators have engaged in a contract, combination,

trust or conspiracy, the effect of which was to raise the prices at which they sold TFT-LCD

Products to artificially inflated levels from at least January 1, 1998 through at least December 31,

2005.

34.    Very recently, antitrust enforcement authorities in multiple countries have begun

investigating this unlawful cartel. On December 11, 2006, Defendant LG Philips, in its form 6-K

filed with the SEC, stated the following:

> Last Friday, as part of an investigation of possible anticompetitive conduct
> in the LCD industry, officials from the Korean Fair Trade Commission
> (KFTC) visited the offices of LG Philips LCD in Seoul Korea. In
> addition, the Japanese Fair Trade Commission (JFTC) issued a notice to
> our offices, in Tokyo, Japan and then the United States Department of
> Justice (DOJ) issued a subpoena to our offices in San Jose, California.

(<http://www.lgphilips-lcd.com/homeContain/jsp/eng/inv/inv200_j_e.jsp>).

35.    On December 11, 2006, the Reuters news agency reported the following:

Samsung Electronics Co., Ltd. (005930.KS) is being investigated by fair trade watchdogs in South Korea, Japan and the United States, the second Korean flat screen maker named in a probe into possible price-fixing, a news agency report said on Tuesday.

The report, from South Korea's Yonhap news agency, follows a disclosure by LG Philips LCD Co., Ltd (034220.KS) on Monday that it was the target of an investigation by the Korean Fair Trade Commission (KFTC), the Japanese Fair Trade Commission (JFTC) and had received a subpoena from the U.S. Department of Justice...

Yonhap cited unnamed regulatory and industry sources in reporting local antitrust authorities were also looking into possible collusion by Samsung and LG Philips to fix the prices of LCD products and control their supply...

Late on Monday, a KFTC spokesman said the probe was being conducted by the Cartel Investigation Group.
(<http://business.scotsman.com/latest.cfm?id=1843512006>).

36.    On December 12 2006, other companies, including AU Optronics, Sharp, and Sanyo Epson, indicated they were under investigation.

37.    According to one report, " '[t]he subject of the probe is price fixing,' Akinori Yamada, a director of management and planning at Japan's Fair Trade Commission, said in Tokyo today. He said LG Philips and Samsung were being questioned, although he declined to name or give the number of other companies being investigated. In Washington, U. S. Justice Department spokeswoman Gina Talamona said the agency 'is investigating the possibility of anticompetitive practices' and is cooperating with foreign authorities."
(<http://www.bloomberg.com/apps/news?pid=20601080&sid=aSF7WY69eUPg&refer=asia>).
Another report indicated that "Min Chun Hong, an analyst at Goodmorning Shihan Securities, said that if the companies [Samsung and LG Philips] were convicted, penalties could amount to about 200 billion won, or $216 million, each."
(<http://www.iht.com/articles/2006/12/12/business/flat.php>).

14